## CONTINENTAL BANK & TRUST CO. OF NEW YORK v. WINTER.
### No. 109.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1946.

398

Shaine & Weinrib, of New York City, (Edward C. Weinrib and Edward J. Mallin, both of New York City, of counsel), for alleged bankrupt-appellee.

Gettinger & Gettinger, of New York City (Paul P. Gettinger and Samuel W. Sherman, both of New York City, and Louis B. Fine, of Norfolk, Va., of counsel), for petitioning creditor-appellant.

Before SWAN, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

It is apparent that the allegations in the original petition were insufficient, In re Rosenblatt & Co., 2 Cir., 193 F. 638, and the presently controverted issue is whether the proposed amendment would have cured the defects by adequately alleging an act of bankruptcy committed within four months of the filing of the petition within the requirement of § 3 sub. b of the Bankruptcy Act, 11 U.S.C.A. § 21, sub. b.

For present purposes we will assume, without deciding, that the waiver was a transfer which amounted to an act of bankruptcy. Yet it was executed not later, according to the proposed amendment, than June 14, 1944. The involuntary petition in bankruptcy was not filed until over five months after that and it was then clearly too late to rely upon the waiver if all of the elapsed time is to be counted.

Sec. 3, sub. b of the Act provides, in so far as now material, that "A petition may be filed against a person within four months after the commission of an act of bankruptcy. Such time with respect to the first, * * * act of bankruptcy shall not expire until four months after the date when the transfer * * * became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred * * * superior to the rights of the transferee * * * therein."

Whether the time for filing the petition expired four months after the waiver was executed, any question of concealment aside, obviously depends upon when it became fully effective within the meaning of the above-quoted part of the statute. That depends upon its effect under the New York

law. The power of a husband or wife to waive the right of election to take against the last will of the other spouse arises from § 18(9) of the New York Decedent Estate Law reading, so far as now pertinent, as follows: "9. The husband or wife during the lifetime of the other may waive the right of election to take against a particular last will and testament by an instrument subscribed and duly acknowledged, or may waive such right of election to take against any last will and testament of the other whatsoever in an agreement so executed, made before or after marriage."

The waiver was executed in due form during the lifetime of the alleged bankrupt and her husband. The statute required nothing more to be done to make it effective as of its date. It was beyond recall by agreement with the husband, or otherwise, after his death on June 16, 1944 which was also over five months before the petition in bankruptcy was filed and it is immaterial in this case whether the so-called "transfer" took place when the waiver was executed or when the husband died. No authority has been called to our attention, and we have found none, which makes anything a condition precedent to the taking effect of such a waiver as a transfer within the Bankruptcy Act, if it be such a transfer, except compliance, as was here shown, with the provisions of the New York statute. Consequently any transfer by means of the waiver was perfected to the extent that it would ever be perfected more than four months before the involuntary petition was filed.

■ The allegations in the proposed amendment concerning concealment are as follows: "B. That the said alleged bankrupt concealed, removed or permitted to be concealed or removed her property on or about June 13th or 14th, 1944, with intent to hinder, delay or defraud her creditors, in that the said Dora Winter made and executed a waiver of her right of election or power to take against the will of her late husband Benjamin Winter, which will was dated May 8th, 1944 and further, in that she testified in supplementary proceedings on or about September 28th, 1944 that she executed a waiver in writing about two or three days before the death of Benjamin Winter, her husband, occurring on June 16, 1944; that she did not have a copy of said waiver and had no knowledge whether said waiver was recorded when, as a matter of fact, it was not recorded; that she received no money in consideration for signing of said waiver, and did not know who has the waiver. That knowledge of the said concealment or removal or permission on the part of the said Dora Winter for such concealment or removal of her property was first had by petitioner through its attorneys on or about September 28, 1944."

It is clear that the execution of the waiver plus the failure of the appellee to inform the appellant that she had executed it until she so testified in supplementary proceedings, together with her failure to keep a copy of the waiver, to keep informed as to who had it and to learn that it had not been recorded are the only facts relied upon to show concealment. We think they fall short of showing a concealment of property within the meaning of § 3, sub. a of the Bankruptcy Act either severally or in the aggregate. At most she failed to disclose to the appellant the fact that she had executed the waiver until she was asked about it in supplementary proceedings and then she concealed nothing. The New York law does not require the filing of such a waiver for record; there is, indeed, no provision for recording it as notice to anybody. There is no allegation that she concealed the fact that her husband died on June 16, 1944, having executed his will in the preceding month by the terms of which he left her nothing and obviously she could not conceal what the appellant was conclusively presumed to know, viz., that under the law of New York she had the power, exercisable while her husband was living, to waive her right to take against his will.

Sec. 1(7) of the Act, 11 U.S.C.A. § 1(7), provides that "conceal", unless such construction be inconsistent with the context, "shall include secrete, falsify, and mutilate."

■ Property is concealed or permitted to be concealed within the meaning of those terms in the definition of the first act of bankruptcy in § 3, sub. a, when a person does, or permits to be done, anything with intent to hinder, delay or defraud his creditors which prevents, or tends to prevent the discovery of the property. Proof of concealment, however, requires something more than a mere failure to volunteer information to creditors. In re Shoesmith, 7 Cir., 135 F. 684. It follows that neither the failure of the appellee to notify the appellant that she had executed the waiver nor her failure to keep control or possession of it were acts of bankruptcy and that the

only possible act of bankruptcy alleged in the proposed amendment was a transfer perfected more than four months before the involuntary petition was filed. Consequently the refusal to allow the proposed amendment was not an abuse of discretion.

Affirmed.